# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BRIAN AGUINIGA,

    Plaintiff,

v.

JACOB FANFAN and
FREIGHT LOGISTICS, INC.,

    Defendants.

Case No. 1:26-cv-00380-SCY-LF

## MEMORANDUM OPINION AND ORDER GRANTING
## RENEWED MOTION FOR ALTERNATIVE SERVICE

This matter comes before the Court on plaintiff Brian Aguiniga's renewed motion for alternative service, filed June 10, 2026. Doc. 7. Mr. Aguiniga seeks additional time to serve defendant Jacob Fanfan and alternative service on defendant Freight Logistics, Inc. ("Freight Logistics"). The Court GRANTS the motion for the reasons discussed below.

## BACKGROUND AND LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) allows service upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." For this case, filed in the District of New Mexico, the law of the state of New Mexico governs service of process.

Under New Mexico law, "[p]rocess shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." NMRA 1-004(E). Specifically, service upon a corporation or LLC is to be made "to an officer, a managing or a general agent or

to any other agent authorized by appointment, by law or by this rule to receive service of process." NMRA 1-004(G)(1)(a).

On February 18, 2026, Mr. Aguiniga mailed a copy of the complaint in this case as well as a request for waiver of service to Freight Logistics at 1256 Industrial Pkwy. North, Brunswick, Ohio 44212, which was returned unclaimed. Doc. 7 at 17. On April 8, 2026, Mr. Aguiniga's counsel spoke with a Freight Logistics employee and received a suite number for the Freight Logistics office. *Id.* at 18. On April 13, 2026, Mr. Aguiniga's counsel mailed another request for waiver of service to the updated address, including the suite number, and it also was returned to sender. *Id*. Mr. Aguiniga's counsel also emailed a courtesy copy of the complaint to defendants' insurance carrier. *Id*.

The Court entered its Order to Show Cause regarding failure to serve the defendants on May 18, 2026. Doc. 4. Mr. Aguiniga then retained a process server and private investigator, who attempted on four separate occasions to serve Freight Logistics at its office. Doc. 7 at 18. The office door was locked, and as a result, the process server was unable to complete service. *Id.* at 14. Mr. Aguiniga then contacted Freight Logistics again, and his counsel was told to email the operations manager Tyler Woods, at tyler@ftlteam.us. *Id.* at 18.

## ANALYSIS

Mr. Aguiniga has exhausted all available options for service on Freight Logistics. His attempts to serve by mail pursuant to NMRA 1-004(G)(3) and (E)(3) were returned to sender. NMRA 1-004(G)(2) states that if no officer or authorized agent of the corporation or LLC is available, the plaintiff may complete service by delivering the papers to be served "at the principal office or place of business during regular business hours to the person in charge," but Mr. Aguiniga's process server could not access the office because it was locked. Calling Freight

Logistics did not help the first time. The second call, however, yielded an email address that appears to be active. *See* Doc. 5 at 3–4.

The Court finds that based on his representations, Mr. Aguiniga has done his due diligence to serve process "in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." NMRA 1-004(E). Therefore, pursuant to NMRA 1-004(J), the Court will order alternative service. *See id.* ("Upon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule, the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.").

The Court GRANTS alternative service in the manner described in the motion (Doc. 7). Mr. Aguiniga may serve Freight Logistics by email at tyler@ftlteam.us and safety@ftlteam.us using a third-party provider such as RegisteredMail.com to transmit the email and obtain relevant tracking information to confirm that the email was received and opened.

As for defendant Jacob Fanfan, the Court finds good cause for the delay and therefore GRANTS an extension of time to serve. Mr. Aguiniga may have an additional thirty (30) days from the filing of this Memorandum Opinion and Order to serve Mr. Fanfan.

## CONCLUSION

The Court GRANTS the motion (Doc. 7) and QUASHES the Order to Show Cause (Doc. 4). It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

3